UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHARAT BHARAT,<br>Petitioner,<br>v.<br>CALIFORNIA CITY CORRECTIONS CENTER, et al.<br>Respondents. | No. 1:26-cv-08637-DC-CSK<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2, 10) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count One of the petition. (Doc. No. 1 at 13–14.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same);

*D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On October 20, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 4.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On October 22, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they opposed Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases, including that Petitioner's detention was lawful under 8 U.S.C. § 1226(a), but contended that Petitioner's claim was distinguishable because his September 24, 2026 arrest for indecent exposure and disorderly conduct constituted a violation of his release on an alternatives to detention program. (Doc. No. 7 at 2.) That same day, Respondents filed an amended response where they clarify that Petitioner is actually subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he "entered the United States in the manner contemplated" by that statute "and is thus an 'applicant for admission' who is subject to mandatory detention."[1] (Doc. No. 8 at 2.) Respondents further requested "that the Court rule on the Petition in its entirety." (*Id.*) On October 23, 2026, Petitioner filed a reply in which he argued that the asserted basis for detention in the amended opposition "identifie[d] a statutory detention category but [did] not explain what meaningful opportunity Petitioner received to contest renewed custody after his prior release" such that the statutory basis for his detention does not

[1] The court notes that courts within this district have found that Respondents' inability to satisfactorily name the basis for a noncitizen's detention is, standing alone, sufficient reason to order the noncitizen's immediate release. *See Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03360-DAD-CKS, 2026 WL 2389805, at *1 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority).

impact his constitutional claim. (Doc. No. 9 at 2–3.) Indeed, this court has found that noncitizens in expedited removal proceedings are still entitled to due process protections relating to their immigration detention, including a pre-deprivation bond hearing if they have been previously released by immigration authorities. *See Cuenca-Pucha v. Andrews*, No. 1:26-cv-08113-DC-JDP, 2026 WL 3059492, at *1 (E.D. Cal. Oct. 13, 2026). Thus, Petitioner's prior release entitles him to pre-deprivation process, whether Respondents allege he is detained pursuant to 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b). Further, because Respondents cite no explanation as to why Petitioner's arrest on criminal charges rendered them incapable of providing him with pre-deprivation process, their argument regarding Petitioner's alleged violation of his alternatives to detention release is unavailing. *Alonso-Pratt v. Warden of Cent. Valley Annex Det. Facility*, No. 1:26-cv-08858-DC-CKD, 2026 WL 3319537, at *1 (E.D. Cal. Nov. 3, 2026).

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would materially distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. a) as to Count One for the reasons set forth in the court's order in *Altin*.[2] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. The petition for a writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a. Petitioner Bharat Bharat (A-240-279-159) shall be released immediately

---

[2] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

from Respondents' custody with the same conditions he was subject to immediately prior to his detention on September 29, 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. Petitioner's motion for administrative relief (Doc. No. 10) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

/////

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Dena Coggins
United States District Judge